

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. **04-60417**

UNITED STATES OF AMERICA,

Plaintiff, **CIV-MARRA** MAGISTRATE JUDGE SELTZER

v.

ONE 2000, 55' DOUBLE DECK (WHITE & GREEN) POWER CATAMARAN PASSENGER FERRY NAME OF PREFERENCE, ST. VINCENT & GRENADINES REGISTRY AND OFFICIAL NUMBER 400472, MODEL NUMBER 6CXMETE, HELD AT OTLEY HALL MARINA AND SHIPYARD, ST. VINCENT, WEST INDIES;

Defendants.
_____________________________________/

## VERIFIED COMPLAINT FOR FORFEITURE IN REM

The United States files this Verified Complaint for Forfeiture In Rem and in support alleges that:

1. This is a civil action for forfeiture In Rem against the One 2000, 55' double deck (white & green) Power catamaran passenger ferry name of Preference, St. Vincent & Grenadines registry and official number 400472, Model number 6CXMETE, held at Otley Hall Marina and Shipyard, St. Vincent, West Indies; the defendant vessel described in the caption above.

2. This Court has jurisdiction over this matter pursuant to Title 28 U.S.C. §§1345 and 1355.

3. This Court has venue over the defendant vessel pursuant to Title 28 U.S.C. §1395(a) and (b).



4. The defendant vessel is forfeitable pursuant to Title 21 U.S.C. §§881(a)(4) and/or (6), as a conveyances used, or intended for use, to transport, or in any manner to facilitate the transportation, sale, receipt, possession, or concealment of controlled substances, AND/OR as moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for controlled substance or listed chemical in violation 21 U.S.C. §801 et seq., and all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of 21 U.S.C. §801 et seq.

5. Robert Young and Sara Wuchevich-Young, the owners of the defendant vessel, signed a consent to forfeiture form attached as Exhibit One[1].

**BACKGROUND AND PROBABLE CAUSE**

5. Robert Samuel Young ("Young") has been involved in smuggling large quantities of cocaine into the United States from 1986 to the present. Since 1999, Young, with some assistance from his wife Sara Wuchevich (married to Young in 2000), has been routinely smuggling cocaine into the United States, from the Bahamas and/or the Grenadines, aboard a vessel named LE GO II, a 55 foot Piver Trimaran , previously forfeited. Young would secrete the cocaine in elaborate secret compartments within the vessel.

6. In 2000, Young smuggled from Grenadines to Fort Lauderdale, approximately three (3) loads of cocaine (730 kilograms per load), one load every three to four months. Young would send his vessel, the LE GO II, out of the country for months at a time. Young would then leave the

---

[1] At that time, the defendant vessel was incorrectly identified under the name of Sara Sundance instead of the Preference. See Exhibit One.

United States for a couple of weeks, and within a week or two of his return, the LE GO II would return to the United States loaded with cocaine, which was stored in Southern District of Florida.

7. Law enforcement records indicate that Young, is a convicted felon with convictions for Murder in Dade County, Kidnaping and Aggravated Assault in Broward County and Possession of Cocaine in Palm Beach County. Young has also been charged with Armed Robbery, Kidnapping, Aggravated Assault, and Possession of Firearms and Controlled Substances in numerous other states. Young was released from prison in New Mexico in June of 1999 after serving time for a federal felony charge of Possession and Conspiracy to Import Cocaine.

8. From October 8, 2001 through October 26, 2001, surveillance was conducted at two residences associated with Young and Wuchevich. As a result of the surveillance, law enforcement learned that Young and Wuchevich were residing at 2389 NE 30th Court, Lighthouse Point, Florida but still maintained a presence at 1601 SE 9th Street, Ft. Lauderdale, Florida. Both houses are located on canals that lead out to the Intracoastal Waterway with access to various inlets and eventually the Atlantic Ocean.

9. Through surveillance, it appeared from Young and Wuchevich's daily routines that neither of them were gainfully employed. Young and Wuchevich have not had any legitimate means of income since at least 1999.

10. On October 29, 2001, law enforcement executed a federal arrest warrant for Young and Wuchevich related to firearms charges, at his residence located at 2389 NE 30th Court, Lighthouse Point, Florida.

11. Subsequent to their arrest, Young and Wuchevich were mirandized, and agreed to talk to agents. Young and Wuchevich also signed a consent to search form and a search

of the house was conducted. Approximately $71,627.00 in cash, eight Rolex watches, approximately 10 grams of cocaine, and 5 grams of marijuana were found at the residence.

12.     A review of the records seized at the residence show that large cash expenditures were regularly conducted by Wuchevich and/or Young. Also discovered at the residence was a Florida Identification Card bearing the name of Johnny Leon Eversole. Additionally, a Social Security Card and a copy of a Birth Certificate were found in the name of Johnny Leon Eversole. Eversole is one of various aliases or bogus identities which Young used for several transactions including designating himself as the president of Sundance Charters. The photograph affixed to the Florida Identification Card is that of Young. Also found was a GEICO Insurance Company Card bearing the name of Johnny Leon Eversole.

13.     Agents discovered other bogus identifications used by Young in the name of his brother Ronald E. Young. This included a Florida Driver's License, Broward County Voter's Registration and a Social Security Card. Additionally, some of the records indicate that Young and Wuchevich formed multiple corporations to conceal the true ownership of numerous assets, including four (4) vessels.

14.     A copy of a letter seized, dated February 1, 2001, addressed to U.S. Probation, New Mexico from Young states he is working in the telemarketing industry and is being paid $800.00 monthly. The reported income is insufficient for the purchase of the many assets Young acquired since his 1999 release from prison.

15.     During a post arrest interview with Young, he talked about some of his narcotics smuggling trips. By July of 1999, a month after his release from prison, Young went to Bogota, Colombia, to set up a narcotics deal with an individual named Rodrigo Chegwin AKA "Wimpy"

According to Young, he obtained a U.S. passport in the name of his brother, Ronald Young, and he traveled with it for the past two years. It took Young approximately nine (9) months after his release from prison to smuggle his first shipment of cocaine (720 Kilograms) into the United States on or about April of 2000.

16. Young stated that he was famous for smuggling loads of cocaine into the United States during hurricane season because law enforcement "lays off" during those times. Young added that he did two loads in 2000, during Christmas and New Years.

17. Young stated that he had "contracted" with Rodrigo Chegwin to smuggle six (6) loads of cocaine, approximately 730 kilograms per load, and that he had successfully smuggled, and been paid for three (3) loads since April of 2000. Young stated he was paid between 22 percent and 35 percent for each shipment of cocaine he successfully brought into the U.S., with the percentage increasing after each shipment. Young's percentage would have been based on a price of $16,000.00 per kilogram of cocaine.

18. Young stated he did not have any legitimate means of income and had been smuggling cocaine since his release from prison in June of 1999. Additionally, he stated that all of the defendant assets were acquired after his release from prison and with narcotics proceeds.

19. Young stated that he used narcotics proceeds to purchase several vessel 15, including the defendant vessel, the Preference, the LE GO II, the ON LINE TOO, TRUE LOVE and two (2) other charter boats. Young titled the vessels under the corporate name of Sundance Charters, Inc., and listed his wife, Sara as the president in order to conceal the true ownership of the vessels.

20. During Wuchevich's interview, she stated the defendant vessel Preference was purchased for approximately $525,000.00, the "LEGO II" was purchased for approximately

$180,000.00 in cash, and "ON LINE TOO" was purchased for approximately $165,000.00 in cash, and the TRUE LOVE for approximately $175,000.00.

21. Wuchevich also stated that on at least six (6) occasions she assisted Young in counting narcotics proceeds generated from cocaine smuggling ventures. Wuchevich stated that she was a secretary for a company called The Cracchiolo Group from 1997 to 1999 with an annual salary of approximately $18,000.00 to $20,000.00. Wuchevich stated that she has not been gainfully employed since 1999. It should also be noted that Wuchevich had many delinquent bills prior to meeting Young.

22. The defendant vessel is forfeitable pursuant to Title 21 U.S.C. §§881(a)(6) and/or (6), as a conveyance furnished or intended to be furnished by any person in exchange for controlled substance or listed chemical in violation 21 U.S.C. §801 et seq., and all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of 21 U.S.C. §801 et seq.

**WHEREFORE,** the United States of America request that process in due of law according to the procedures of the Court in cases of actions in rem in accordance with provisions of Rule C (3), Supplemental Rules of Certain Admiralty and maritime Claims issue against the defendant vessel, and that any person or persons having any interest therein be cited and directed to appear herein and answer this complaint, and that this Court decree the condemnation and forfeiture of the defendant vessel to the United States and that plaintiff have such other and further relief as may be just and proper .

Respectively submitted,

MARCOS DANIEL JIMENEZ
UNITED STATES ATTORNEY

BY: ______________________________

WILLIAM H. BECKERLEG, JR.
ASSISTANT U.S. ATTORNEY
500 E. Broward Blvd., Suite 700
Ft. Lauderdale, Florida 33394
Tel: (954) 356-7314 ext. 3614
Fax: (954) 356-7180
Fla Bar No. A550007

**VERIFICATION**

Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury that, I Steven R. Leisure, Special Agent for the Department of Homeland Security, Bureau of Immigration and Customs Enforcement, have read to foregoing Amended Complaint for Forfeiture In Rem and state that the contents are true to be best of my knowledge and belief.

STEVEN R. LEISURE
SPECIAL AGENT
DEPARTMENT OF HOMELAND SECURITY, BUREAU OF IMMIGRATION AND CUSTOMS ENFORCEMENT



**U.S. Customs Service**
100 South Dixie Highway, Suite 300
West Palm Beach, FL 33401

## CONSENT TO FORFEITURE FORM

1. Robert Young and his wife, Sara Wuchevich, individually, and as President of Sundance Charters, Inc., Online Too, Inc., and Le Go Corporation, hereby knowingly and voluntarily agree to forfeit to the United States of America, all of their rights, title and interest in the following properties:

a. Seventy One, Thousand Six Hundred Twenty Seven Dollars ($71,627.00) in United States currency;

b. 2001 Grand Jeep Cherokee VIN# 1J4GW58N41C581006;

c. Eight Rolex Watches and one woman's necklace;

d. One 1974 48' Pacemaker Sportfisherman, hull #589479;

e. One 2001 VW Cabrio (Green) VIN# 3VWDC21V01M804793;

f. Fifty Thousand Dollar ($50,000.00) cashier check payable to Sara Wuchevich and Pepper Hamilton LLP Client Trust Account;

g. One 55' Trimaran Sailboat, Le Go II, VI 5430T, HIN# V1Z010930692;

h. One 50'-55' Catamaran Passenger Boat by the name of Sara Sundance;

i. One 50'-55' Catamaran Sailboat, True Love, Reg # VI225915D, USA DOC # 225915;

j. Fifty Thousand Dollars ($50,000.00) in United States currency used

TRADITION ★ SERVICE ★ HONOR





               50% down payment towards the purchase of 1527 SE 11th Street, Fort Lauderdale, Florida;

k. One Hundred Thousand Dollars ($100,000.00) in United States currency used as a down payment by Le Go Corporation towards the purchase of 1601 SE 9th Street, Fort Lauderdale, Florida;

l. One Million, Four Hundred Thousand Dollars ($1,400,000.00) in United States currency used towards the purchase of 1527 SE 11th Street, Fort Lauderdale, Florida;

m. One 2001 Chevy S-10 Pick-up pick-up, VIN# 1GCCS19W318117143;

n. One Hundred Thousand Dollars ($100,000.00) in United States currency given to Barbara Mudrie towards her daughter's college fund; and any and all funds at investment account #X22-165115, at Fidelity Investment Brokerage Service;

o. Four Hundred Thousand Dollars ($400,000.00) in United States currency used as partial payment towards the purchase of 1601 SE 9th Street, Fort Lauderdale, Florida;

p. Four Hundred Sixty Five Thousand Dollars ($465,000.00) in United States currency given to Edward Gus Young, Robert Young's brother, to safeguard on behalf of Robert Young and Sara Wuchevich;

2. Robert Young and Sara Wuchevich agree that the property described above was derived from any proceeds which Robert Young obtained, directly or indirectly, as the result of violations of 21 U.S.C. §§ 841, 846 & 848 et seq. and/or was used, or intended to be used, in any manner or part, to commit, or facilitate the commission of such violations, and as such are

forfeitable to the United States pursuant to 21 U.S.C. §§853 and 881 (a)(6).

3. Robert Young and Sara Wuchevich agree to waive their rights to notice of any proceedings involving the forfeiture and disposition of the property described in this form.

4. Furthermore, Robert Young and Sara Wuchevich agree to execute any other document/s necessary to transfer all rights, title, and interest in the above-described property to the United States.

5. Robert Young and Sara Wuchevich agree to provide complete disclosure via an "Affidavit of Financial Information", of all assets acquired by Robert Young and/or Sara Wuchevich from January 1998 to the present. Robert Young's and Sara Wuchevich's veracity regarding any and all assets acquired during this specified time will be subject to a polygraph examination. In addition, the U.S. Customs Service is not precluded from pursuing seizure and subsequent forfeiture of additional, and/or yet to be identified, assets associated with Robert Young and Sara Wuchevich's unlawful activities.

6. Robert Young and Sara Wuchevich, and by these presents do for their agents, heirs, statutory survivors, executors, administrators, personal representatives, successors and assignees, hereby release and forever discharge the United States of America, it's agencies, and their employees, agents or assigns from any claims arising from the seizure, forfeiture and disposition of the property listed in paragraph one of this form.

7. In the interim, Robert Young and Sara Wuchevich agree not to dispose of, transfer, liquidate, alienate or dissipate any of the assets listed in paragraph one of the form.

8. Robert Young and Sara Wuchevich knowingly and voluntarily agree to waive any and all claims or defenses that they may have under the United States Constitution, or any other federal or state law, regarding any forfeiture proceedings commenced by the Untied States

against the assets listed in this document.

9. Robert Young and Sara Wuchevich also agree to be interviewed by the U.S. Customs Service, cooperate fully, and assist them in the ongoing investigation.

10. The U.S. Customs Service agrees not to pursue its criminal investigation against Robert Young and Sara Wuchevich regarding their narcotics conspiracy from June of 1999 through November of 2001.

11.

Date: 1-25-02 By: [signature]
SARA WUCHEVICH-YOUNG

Date:____________ By: ____________________
H. DOHN WILLIAMS, JR., ESQ.
ATTORNEY FOR SARA WUCHEVICH

Date: 1-23-02 By: [signature]
ROBERT SAMUEL YOUNG

Date:____________ By: ____________________
FRED HADDAD, ESQ.
ATORNEY FOR ROBERT YOUNG

Date: 1/25/02 By: [signature]
STEVEN R. LEISURE
SPECIAL AGENT
U.S. CUSTOMS SERVICE

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.(SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**

United States of America

04-60417

**DEFENDANTS**

ONE 2000, 55' DOUBLE DECK CATAMARAN PASSENGER FERRY REGISTRY AND OFFICIAL NUMBER 400472,MODEL NUMBER 6CXMETE

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF

(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT

(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

CIV-MARRA

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

William H. Beckerleg, Jr.
500 E. Broward Blvd., Suite 700
Ft. Lauderdale, FL 33394

ATTORNEYS (IF KNOWN)

MAGISTRATE JUDGE SELTZER

(d) CIRCLE COUNTY WHERE ACTION AROSE: DADE, MONROE, (BROWARD), PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

- [X] 1 U.S. Government Plaintiff
- 3 Federal Question (U.S. Government Not a Party)
- 2 U.S Government Defendant
- 4 Diversity (Indicate Citizenship of Parties in Item III)

04cv60417 Marra Seltzer

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)

(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated or Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated and Principal Place of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- [X] 1 Original Proceeding
- 2 Removed from State Court
- 3 Remanded from Appellate Court
- 4 Reinstated or Reopened
- 5 Transferred from another district (specify)
- 6 Multidistrict Litigation
- 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

**A CONTRACT**
- 110 Insurance
- 120 Marine
- 130 Miller Act
- 140 Negotiable Instrument
- 150 Recovery of Overpayment & Enforcement of Judgment
- 151 Medicare Act
- B 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- B 153 Recovery of Overpayment of Veteran's Benefits
- 160 Stockholders' Suits
- 190 Other Contract
- 195 Contract Product Liability

**A REAL PROPERTY**
- 210 Land Condemnation
- B 220 Foreclosure
- 230 Rent Lease & Ejectment
- 240 Torts to Land
- 245 Tort Product Liability
- 290 All Other Real Property

**A TORTS**

PERSONAL INJURY
- 310 Airplane
- 315 Airplane Product Liability
- 320 Assault, Libel & Slander
- 330 Federal Employers' Liability
- 340 Marine
- 345 Marine Product Liability
- 350 Motor Vehicle
- 355 Motor Vehicle Product Liability
- 360 Other Personal Injury

PERSONAL INJURY
- 362 Personal Injury - Med. Malpractice
- 365 Personal Injury - Product Liability
- 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- 370 Other Fraud
- 371 Truth in Lending
- 380 Other Personal Property Damage
- 385 Property Damage Product Liability

**A CIVIL RIGHTS**
- 441 Voting
- 442 Employment
- 443 Housing/ Accommodations
- 444 Welfare
- 440 Other Civil Rights

**PRISONER PETITIONS**
- B 510 Motions to Vacate Sentence

HABEAS CORPUS:
- B 530 General
- A 535 Death Penalty
- B 540 Mandamus & Other
- B 550 Civil Rights
- B 555 Prison Condition

**FORFEITURE/PENALTY**
- B 610 Agriculture
- B 620 Other Food & Drug
- B [X] 625 Drug Related Seizure of Property 21 USC 881
- B 630 Liquor Laws
- B 640 R.R & Truck
- B 650 Airline Regs.
- B 660 Occupational Safety/Health
- B 690 Other

**A LABOR**
- 710 Fair Labor Standards Act
- 720 Labor/Mgmt. Relations
- 730 Labor/Mgmt. Reporting & Disclosure Act
- 740 Railway Labor Act
- 790 Other Labor Litigation
- A 791 Empl. Ret. Inc. Security Act

**A BANKRUPTCY**
- 422 Appeal 28 USC 158
- 423 Withdrawal 28 USC 157

**A PROPERTY RIGHTS**
- 820 Copyrights
- 830 Patent
- 840 Trademark

**B SOCIAL SECURITY**
- 861 HIA (1395ff)
- 862 Black Lung (923)
- 863 DIWC/DIWW (405(g))
- 864 SSID Title XVI
- 865 RSI (405(g))

**FEDERAL TAX SUITS**
- A 870 Taxes (U.S. Plaintiff or Defendant)
- A 871 IRS - Third Party 26 USC 7609

**A OTHER STATUTES**
- 400 State Reapportionment
- 410 Antitrust
- 430 Banks and Banking
- B 450 Commerce/ICC Rates/etc
- 460 Deportation
- 470 Racketeer Influenced and Corrupt Organizations
- 810 Selective Service
- 850 Securities/Commodities/ Exchange
- 875 Customer Challenge 12 USC 3410
- 891 Agricultural Acts
- 892 Economic Stabilization Act
- 893 Environmental Matters
- 894 Energy Allocation Act
- 895 Freedom of Information Act
- 900 Appeal of Fee Determination Under Equal Access to Justice
- 950 Constitutionality of State Statutes
- 890 Other Statutory Actions A OR B

## VI. CAUSE OF ACTION

(CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL UNLESS DIVERSITY.)

Title 21, USC, § 881(a)(6)- Proceeds

LENGTH OF TRIAL 2 days
via 1 days estimated (for both sides to try entire case)

## VII. REQUESTED IN COMPLAINT:

CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: YES NO

## VIII. RELATED CASE(S) (See instructions): IF ANY

JUDGE DOCKET NUMBER

DATE: 4-1-4

SIGNATURE OF ATTORNEY OF RECORD: William H. Beckerleg, Jr.

FOR OFFICE USE ONLY

RECEIPT # AMOUNT Govt APPLYING IFP JUDGE MAG. JUDGE

This form was electronically produced by Elite Federal Forms, Inc.